IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jeffrey Mundy, | ) | |
|     Appellant, | ) | CASE NO.: 0:22-cv-00073-MGL |
| | ) | **BRIEF OF THE APPELLANT** |
| v. | ) | |
| | ) | |
| Bethany Eleese Eden, formerly known as Bethany Lee Witz, also known as Witlee Ethan | ) ) ) | |
| | ) | |
|     Appellee, | ) | |

**BASIS OF APPELLATE JURISDICTION**

The district courts of the United States have jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges. 28 U.S.C. §158(a). The Bankruptcy Court's Order in Bankruptcy Case No. 21-02032-HB, filed on December 22, 2021, constitutes a final order. (ECF No. 27).

**STANDARD OF APPELLATE REVIEW**

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides in part that: "On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr.P. 8013. In addition, the district court "reviews decisions of law *de novo*." *In re Brasington,* 274 B.R. 159, 162 (Bankr.D.Md.2002).

1

## STATEMENT OF ISSUES PRESENTED

The issues presented are issues of law and therefore subject to de novo review by the District Court.

1.      The Bankruptcy Court erred in failing to liberally construe Appellant's Motion to Lift the Stay to substantially comply with the requirements of a complaint by giving notice to the debtor of the Appellant's objection to the discharge of his claims and the grounds upon which the objection rests.

2.      The Bankruptcy Court erred in failing to find the Appellant's Motion to Lift the Stay constituted a timely filed challenge to the discharge of his claims.

3.      The Bankruptcy Court erred in failing to allow the Appellant to amend and convert the Motion to Lift the Stay to an adversary proceeding to deny the discharge of the Appellant's claims and relate such amendment back to the timely filing of the original Motion to Lift the Stay.

4.      The Bankruptcy Court erred in failing to exercise its equitable powers to toll the deadline for the Appellant to object to the discharge of his claims by the Appellant's filing the Motion to Lift Stay prior to such deadline.

5.      The Bankruptcy Court erred in failing to find that the debtor would be prejudiced by converting the Appellant's Motion to Lift the Stay to an adversary proceeding.

## **STATEMENT OF THE CASE**

The Jeffrey Mundy (the "Appellant") is the plaintiff in a state court action against the Appellee, Bethany Eleese Eden, formerly known as Bethany Lee Witz, also known as Witlee Ethan (the "Appellee", "Debtor", or "Eden"), captioned as *Jeffrey Mundy v. Bethan Lee Witz a/k/a "Witlee Ethan"* filed on May 28, 2021, and currently pending in the General Court of

Justice, State of North Carolina, Mecklenburg County, Superior Court Division, File. No. 21-CVS-8805, in which the Appellant asserts claims against the Debtor for defamation, which proximately caused termination of his employment, thereby constituting malicious interference with a contract, and unfair and deceptive trade practices. A copy of the Appellant's state court complaint[1], was served upon the Debtor on June 11, 2021. On July 9, 2021, the Debtor responded by filing a Motion for Extension of Time[2] in the state court proceeding in which she requested additional time, until August 10, 2021, to file an answer to the complaint which was granted by the state court.[3]

The Debtor filed her chapter 7 bankruptcy petition and schedules on August 2, 2021.[4] Although the state court litigation pending between the parties is listed by the Debtor in response to the question posed in Statement of Financial Affairs No. 9[5], the Appellant is not listed as a creditor in the Debtor's Schedules D[6], E[7], or F[8], nor the Creditor Matrix.[9] The Appellant was also not served the Debtor's Notice of Chapter 7 Bankruptcy Case and Meeting of Creditors which contained notice of the November 1, 2021, deadline for filing complaints under Fed. R. Bankr.P. 4007(c) ("Discharge Bar Date").

On October 30, 2021, prior to the Discharge Bar Date, the Appellant filed a "Motion for Relief from Automatic Stay" (the "Stay Motion") requesting the Bankruptcy Court to abstain from hearing the issues presented in the pending state court action and allow the Appellant to

---

[1] Entry No. 2-2 @ pgs. 73-91.
[2] No. 2-2 @ pgs. 97-98.
[3] Entry No. 2-2 @ pg. 102.
[4] Entry No. 2-2 @ pgs. 3-60.
[5] Entry No. 2-2 @ pg. 40.
[6] No. 2-2 @ pg. 21.
[7] No. 2-2 @ pg. 22.
[8] No. 2-2 @ pg. 22.
[9] No. 2-2 @ pgs. 48-49.

continue pursuit of those claims in the North Carolina state court.[10] A copy of the complaint filed in state court was incorporated by reference in the Stay Motion therefore becoming a part of the primary document. The Appellant's Stay Motion, via the incorporated complaint, alleges in detail the basis for the Appellant's claims for defamation and malicious interference with a contract against the Debtor, specifically requests relief from the automatic stay to obtain a judgment against the Debtor, questions whether the Debtor's actions "may impact dischargeability", and further queries "whether Debtor secured Movant's (Appellant's) termination by fraud and/or material misrepresentations may impact dischargeability.".[11]

The Debtor objected to the relief requested in the Stay Motion, on November 15, 2021[12], based upon the Appellant's failure to file a formal adversary complaint to deny the discharge of his claims. However, the Debtor's response acknowledged the Appellant "is seeking damages for defamation, malicious interference with contract" as well as the above cited portions of the Appellant's Stay Motion which question the dischargeability of his claims.[13]

The Appellant subsequently filed and served upon the Debtor a "Motion to Amend Motion for Relief from Automatic Stay to Constitute an Adversary Proceeding Complaint to Deny Dischargeability, Convert the Motion to a Timely Filed Adversary Proceeding, and Relate Said Amendment Back to the Originally Filed Motion" (the "Motion to Amend") on November 18, 2021.[14] In the Motion to Amend, the Appellant argued that the filing of the Stay Motion, on October 30, 2021, prior to the Discharge Bar Date, was sufficient to start an adversary proceeding pursuant to Fed. R. Bankr. P. 7008, which applies Fed. R. Civ. P. 8, and was sufficient to commence an action to deny the discharge of his claims under 11 U.S.C. §523(c)(1).

---

[10] No. 2-2 @ pgs. 61-104.
[11] No. 2-2 @ pg. 67.
[12] No. 2-2 @ pgs. 107-117.
[13] No. 2-2 @ pgs. 107-108.
[14] No. 2-2 @ pgs. 118-123.

The Appellant further argued, should the Stay Motion be found deficient to constitute a complaint to except a debt from discharge, that the Discharge Bar Date should be equitably tolled due to the Appellant's active pursuit of his judicial remedies by filing a defective pleading prior to the Discharge Date. The Debtor objected to the relief requested in the Motion to Amend on November 30, 2021[15], arguing the Appellant's Stay Motion was not sufficient to initiate an adversary proceeding because it did not include any claim or request for relief based on the nondischargeability of any debt to the Appellant nor did the Stay Motion contain a plain statement for the grounds for the Court's jurisdiction to determine the dischargeability of such claims.

The Stay Motion and the Motion to Amend were set for hearing before the Honorable Helen E. Burris on December 7. 2021. By Order filed on December 22, 2021, the Bankruptcy Court denied the Appellant's Stay Motion and denied the Appellant's Motion to Amend.[16]

On January 5, 2022, the Appellant filed a Notice of Appeal from the Bankruptcy Court's Order of December 7. 2021.[17]

## ARGUMENT

The Bankruptcy Code contains provisions for the discharge of debts, subject to the exceptions specified in 11 U.S.C. § 523(a) including, under subsection (6), claims for "willful and malicious injury by the debtor to another entity or to the property of another entity". The claims for defamation and malicious interference with a contract against the Debtor articulated in the Appellant's Stay Motion constitute the types of claims described in 11 U.S.C. § 523(a)(6).

---

[15] No. 2-2 @ pgs. 128-138.
[16] No. 2-3 @ pgs. 17-33.
[17] ECF No. 1.

No action is necessary on the part of a creditor to effectuate an exception to discharge under some debts described in other subsections of § 523. However, debts under § 523(a)(6) require action by the creditor in the form of a proceeding challenging the discharge of that debt, which must be filed within 60 days of the first date set for the meeting of creditors. Fed. R. Bankr. P. 4007(c), 7001(6).

Fed. R. Bankr. P. 7001(6) provides that "a proceeding to determine the dischargeability of a debt" is an adversary proceeding. Rule 8(a) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7008 of the Federal Rules of Bankruptcy Procedure, provides that an adversary proceeding complaint must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

**1.     The Bankruptcy Court erred in failing to liberally construe Appellant's Motion to Lift the Stay to substantially comply with the requirements of a complaint by giving notice to the debtor of the Appellant's objection to the discharge of his claims and the grounds upon which the objection rests.**

The Bankruptcy Court's Order denying the Appellant's motions cites Local Civ. Rule 83.I.03 and SC LBR 2090-1 which require attorneys admitted to practice in the Bankruptcy Court must file pleadings electronically on the Court's docket pursuant to SC LBR 5005-4. The Bankruptcy Court's Order further details the formality of the electronic filing process, as

it relates to adversary proceedings.[18]

The Appellant admittedly failed to file a formal summons and complaint, in the substance and form contemplated by Fed. R. Bankr. P. 7004 and the Local Rule's electronic filing process, However, "notice of the nature of the relief claimed is the primary criterion in determining whether a deficient pleading constitutes a complaint under Rule 7008". *In re Dominguez*, 51 F.3d 1502, 1509 (9th Cir.1995). The Appellant's Stay Motion, filed prior to the Discharge Bar Date, "although a deficient pleading, is sufficient to place the debtor on notice of the claim against (her) and substantially complies with the notice pleading requirements of Rule 7008." *Id*. at 1509. Also, see *Wilkerson Fuel, Inc. v. Elliott*, 415 B.R. 214, 220 (D. S.C. 2009). The "fact that the Plaintiffs may not have plead [their] claim artfully is of no avail to the Debtor given the liberal notice pleading standard of Rule 8.*" Weidle Corp.*, 398 B.R. 595 (S.D. Ohio 2008).

**2.     The Bankruptcy Court erred in failing to find the Appellant's Motion to Lift the Stay  constituted a timely filed challenge to the discharge of his claims.**

The Stay Motion attached the state court complaint alleging numerous causes of action including allegations of defamation and malicious interference with a contract against the Debtor, requests relief from the automatic stay to obtain a judgment against the Debtor, questions whether the Debtor's actions "may impact dischargeability", and further queries "whether Debtor secured Movant's (Appellant's) termination by fraud and/or material misrepresentations may impact dischargeability.".[19] When a complaint "sufficiently avers" the debtor "did a wrongful act…intentionally" the complaint may be held to properly allege a

---

[18] No. 2-3 @ pg. 22.
[19] No. 2-2 @ pg. 67.

basis for recovery under 11 U.S.C. § 523.   (See *Weidle Corp.*, 398 B.R. 595 (S.D. Ohio 2008), citing *Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226 (6th Cir. 1991).

In addition to the reference and incorporation of the state court complaint, the body of the Stay Motion sets forth in detail the nature of the claim and the facts underlying the claim. The pleading refers to the name, number and chapter of the case to which the proceeding relates. The Stay Motion also contains a clear statement that the Appellant does not consent to entry of final orders or judgment by the Bankruptcy Court. Therefore, all information required by Fed. R. Bankr. P. 7008 is contained in the Appellant's initial filing. The document filed by the Appellant contains everything required of a complaint other than the label. See *In re Rand*, 144 B.R. 253 (S.D. N.Y. 1992). The Stay Motion, akin to the Motion for Relief from Stay in *Wilkerson*, plainly put the Debtor on notice that the Appellant challenged the dischargeability of his claims.

Further, the Debtor responded to the Stay Motion, on November 15, 2021, arguing the Appellant's Stay Motion was not sufficient to initiate an adversary proceeding because it did not include any claim or request for relief based on the nondischargeability of any debt to the Appellant. The Debtor's response further acknowledged that the Appellant "is seeking damages for defamation, malicious interference with contract" and emphasized the Appellant's failure to file a formal dischargeability complaint.[20] Such response, as that of the debtor in *Wilkerson*, supports a finding that the Debtor understood that the Appellant was challenging the dischargeability of his claims, albeit in a deficient pleading.

The Bankruptcy Court attempted to distinguish the facts contained in *Wilkerson* from the case at bar. "The pleading in *Wilkerson* repeatedly asserted the debt was excepted from

---

[20] No. 2-2 @ pgs. 107-117.

discharge under § 523 and provided the basis thereof, allowing it to meet the requirements of Fed. R. Civ. P. 8(a)(3) as 'a demand for the relief sought . . .'[.] That demand is lacking here and only a request for different relief was communicated."[21]

To the contrary, the movant in *Wilkerson* did not specifically pray for a judgment of nondischargeability. The Appellant can only be distinguished from the movant in *Wilkerson* for not referencing the relevant statutory section for nondischargeability. However, like *Wilkerson*, the Appellant's Stay Motion and accompanying documents, taken together, were sufficient to place the Debtor on notice that the Appellant challenged the dischargeability of his claims. Hence, the Appellant's initial document filed in the Debtor's bankruptcy case, the Stay Motion, was timely filed and sufficient to constitute an adversary complaint pursuant to the case law and applicable rules.

**3.     The Bankruptcy Court erred in failing to allow the Appellant to amend and convert the Motion to Lift the Stay to an adversary proceeding to deny the discharge of the Appellant's claims and relate such amendment back to the timely filing of the original Motion to Lift the Stay.**

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B) made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7015. Relation back is permitted "if the new claim arises from the same conduct, transaction, or occurrence as the original claim." *Dominguez*, 51 F.3d at 1510 (quotation marks and citation

---

[21] No. 2-3 @ pg. 28.

omitted). In *Dominguez*, the debtor argued that the court should strictly enforce the bar date and not allow the amendment to relate back. The court held that "[a]cceptance of this argument in this context would elevate form over substance and defeat the explicit purpose of the relation back doctrine for amendments to complaints." 51 F.3d at 1510. The United States Supreme Court has recognized that form should not be exalted over substance in considering motions to amend pleadings,

> "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one mis-step by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

*Forman v. Davis*, 371 U.S. 178, 181 (1962).

Therefore, the Appellant should be granted leave to amend his Stay Motion to comply fully with Fed. R. Civ. P. 8 and Fed. R. Bankr. P. 7008.

**4.     The Bankruptcy Court erred in failing to exercise its equitable powers to toll the deadline for the Appellant to object to the discharge of his claims by the Appellant's filing the Motion to Lift Stay prior to such deadline.**

Fed. R. Bankr. P. 4007(c) states unequivocally that in a chapter 7 bankruptcy "[a] complaint to determine the dischargeability of a debt under [11 U.S.C.] § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under [11 U.S.C.] § 341(a)." However, the Bankruptcy Court is a court of equity and has equitable powers pursuant to 11 U.S.C. § 105. *In re Landbank Equity Corp*. 973 F.2d 265, 271 (4th Cir.1992). "There do exist equitable doctrines available for use in those extraordinary cases in which a manifest injustice would result if established legal principles were to be applied." *Id*.

Much of the Bankruptcy Court's Order emphasizes that the deadline in Federal Rule of Bankruptcy Procedure 4007(c) is strictly construed and should not be extended absent extraordinary circumstances.[22] The Bankruptcy Court cites *In re Novak*, 580 B.R. 175, 179 (Bankr. D.S.C. 2017) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)) for the proposition that: "[t]o support a request for equitable tolling [of the Rule 4007(c) deadline], Creditors must show:

> (1) extraordinary circumstances;
>
> (2) beyond their control or external to their own conduct;
>
> (3) that prevented them from filing a complaint on time."[23]

Further, the Debtor argues that the deadline should not be extended based on the strict construction of Rule 4007(c).[24]

The deadline in Fed. R. Bankr. P. 4007(c) is not jurisdictional and "does not preclude the bankruptcy court from exercising its equitable powers in extraordinary cases." *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 248 (4th Cir.1994). Furthermore, the Fed. R. Bankr. P. 4007(c) deadline "is generally subject to the defenses of waiver, estoppel, and equitable tolling." *In re Maughan*, 340 F.3d 337, 344 (6th Cir.2003). Equitable tolling is "appropriate `where the claimant has actively pursued his judicial remedies by filing a <u>defective pleading</u> during the statutory period. ...'"(<u>emphasis added</u>). *Wilkerson,* 415 B.R. at 221 (citing *Asbury v. City of Roanoke*, 599 F.Supp.2d 712, at 719 (W.D.Va. 2009). (unpublished).

Even if the Court were to find that the Stay Motion was insufficient to allege a complaint, the Court should find that in equity, the deadline set forth in Fed. R. Bankr. P.

---

[22] No. 2-3 @ pgs. 29-33.
[23] No. 2-3 @ pg. 31.
[24] No. 2-2 @ pgs. 132-133.

11

4007(c) should be tolled to allow the filing of a complaint. The Appellant, as *Wilkerson*, actively pursued his judicial remedies by filing the Stay Motion informing the Debtor and the Bankruptcy Court the basis for his claims for defamation and malicious interference with a contract against the Debtor, specifically requesting relief from the automatic stay to obtain a judgment against the Debtor, questioning whether the Debtor's actions "may impact dischargeability", and further querying "whether Debtor secured Movant's (Appellant's) termination by fraud and/or material misrepresentations may impact dischargeability."

**5.    The Bankruptcy Court erred in failing to find that the debtor would be prejudiced by converting the Appellant's Motion to Lift the Stay to an adversary proceeding.**

In denying the Appellant's Motion to Amend, the Bankruptcy Court gave undue consideration to what prejudice the Debtor may suffer from lingering doubts about the finality her discharge.[25] However, the Debtor responded, on November 15, 2021, that the Stay Motion was insufficient to challenge discharge of the Appellant's claims. Unfortunately, the deadline for filing an adversary complaint expired November 1, 2021, while the Stay Motion was still pending. Three days after the Debtor's response to the Stay Motion, the Appellant moved to amend and convert the Stay Motion into an adversary complaint [26] to which the Debtor also responded.[27] The Debtor suffered no prejudice because she was on notice of the nature of the Appellant's claims. In her response, the Debtor recognized that the Appellant "is seeking damages for defamation, malicious interference with contract" and stressed the Appellant's failure to file a formal complaint to deny the discharge of his claims. On the other hand, the Appellant will be prejudiced if the deadline is not tolled because his claims will be forever

---

[25] No. 2-3 @ pg. 33.
[26] No. 2-2 @ pgs. 61-104.
[27] No. 2-2 @ pgs. 128-138.

disposed of by the Debtor's discharge.

This is not a situation where did nothing and let the bar date pass. To the contrary, the Appellant, as in *Wilkerson*, filed a defective pleading before the bar date, moved to amend the pleading to comply with Fed. R. Civ. P. 8 and Fed. R. Bankr. P. 7008, and only definitively learned that it was defective when the Bankruptcy Court denied his motion to amend and convert the Stay Motion after the filing deadline had expired. Based on the facts of this case, equitable tolling is appropriate to allow the Appellants to file a timely adversary complaint.

## CONCLUSION

The Appellant respectfully submits that the Bankruptcy Court erred in failing to hold that the original Stay Motion filed by him in the Debtor's bankruptcy case sufficiently met the case law and applicable rule requirements of a complaint thereby placing the Debtor on notice of his claims and commencing an adversary proceeding against her.

The Appellant respectfully submits that the Order of the Bankruptcy Court should be reversed; that the Stay Motion be deemed to satisfy the requirements of Fed. R. Bankr. P. 7004 and 7008; that the Motion to Amend be granted; and that the amended pleading relate back to the filing of the Stay Motion.

Respectfully submitted,

s/*Randy A. Skinner*
Randy A. Skinner, Fed. Id. 5412
300 North Main Street, Suite 201
Greenville, SC 29601
Telephone: (864) 232-2007
E-mail: rskinner@skinnerlawfirm.com
Attorney for the Appellant, Jeffrey Mundy

February 23, 2022

13