**Case No. 0:22-cv-00073-MGL**

**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

IN RE:

                                                CHAPTER 7

Bethany Eleese Eden,                     BR Case No. 21-02032-hb

                        Debtor.

_____

Jeffrey Mundy,

                        Appellant,

    vs.

Bethany Eleese Eden,

                        Appellee-Debtor.

---

**BRIEF OF APPELLEE**

---

**NATURE OF PROCEEDING:** Appeal of an order denying Appellant's request to convert his motion for relief from stay to an adversary proceeding in order to challenge the discharge of a debt.

**For Appellee:**                    BARTON BRIMM, PA
                                    Christine E. Brimm (#6313)
                                    P. O. Box 14805
                                    Myrtle Beach, South Carolina 29587
                                    Tele: (803) 256-6582
                                    cbrimm@bartonbrimm.com

1

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT..……………………………………………3

STATEMENT OF THE ISSUES ON APPEAL AND APPLICABLE
STANDARD OF APPELLATE REVIEW…………....………..……….………..3

STATEMENT OF THE CASE ………………………………………………….4

SUMMARY OF THE ARGUMENT ……………………………………………...6

ARGUMENT ……………………………………………………………..……..7

    A.    **The Bankruptcy Court correctly found that the Motion to Lift Stay failed to provide notice that Mundy intended to challenge the discharge of his claims**..…...……………………………………...7

    B.    **The Bankruptcy Court correctly distinguished the facts in the case at bar from the *Wilkerson* case to deny Mundy's Motion to Amend, and properly denied the request that the amendments relate back to the Motion to Lift Stay**……………………………11

    C.    **The Bankruptcy Court correctly determined that equitable tolling was not warranted under the facts of this case** …........................14

    D.    **The Bankruptcy Court did not err in its consideration of the prejudice of the parties**……………………………………………15

CONCLUSION ……………………………………...…………………………....16

CERTIFICATE OF COMPLIANCE WITH RULE 8015(a)(7)……………..……18

TABLE OF AUTHORITIES (filed as an attachment)

## JURISDICTIONAL STATEMENT

Appellee adopts the Jurisdictional Statement of Appellant.

## STATEMENT OF THE ISSUES ON APPEAL AND APPLICABLE STANDARD OF APPELLATE REVIEW

As to all issues on appeal, the Bankruptcy Court's conclusions of law are reviewed *de novo*, and factual findings are reviewed for clear error. *Devan v. Phoenix American Life Ins. Co. (In re Merry-Go-Round Enterprises, Inc.)*, 400 F.3d 219, 224 (4th Cir. 2005).

The issues on appeal are as follows:

1. Whether the Bankruptcy Court correctly found that the Appellant's Motion to Lift Stay failed to provide notice to the Debtor that Appellant sought have his debt excepted from the Debtor's discharge under 11 U.S.C. § 523, when the Motion never asserted that the debt was not subject to discharge, and when 11 U.S.C. § 523 was never mentioned or cited.

2. Whether the Bankruptcy Court properly distinguished this case from the *Wilkerson* case and correctly found that an attempt to amend a pleading would not relate back to the Motion to Lift Stay, when the Motion to Lift Stay did not constitute a challenge to the Debtor's discharge under 11 U.S.C. § 523.

3. Whether the Bankruptcy Court correctly determined that equitable tolling was not warranted when extraordinary circumstances beyond the Appellant's

control were not present in this case, and Appellant failed to submit any evidence to suggest that extraordinary circumstances existed.

4.  Whether the Bankruptcy Court properly acknowledged that allowing a late challenge to discharge would prejudice the Debtor.

## STATEMENT OF THE CASE

Appellant Jeffrey Mundy ("Mundy") asserts that he lost his job when Bethany Eden (the "Debtor") made an accusation against him. On or about May 28, 2021, Mundy filed a complaint in state court against the Debtor seeking damages for alleged defamation, malicious interference with contract, and violation of North Carolina's Unfair and Deceptive Trade Practices Act (the "State Court Complaint"). On August 2, 2021, the Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code.[1] Mundy was given timely notice of the bankruptcy.[2]

On October 30, 2021, Appellant filed a *Motion for Relief from Automatic Stay/Motion to Lift Stay for Order Allowing Jeffrey Mundy to Proceed with North Carolina State Court Litigation; Motion for Mandatory or Permissive Abstention* (the "Motion to Lift Stay" or "Motion").[3] The Motion to Lift Stay sought to liquidate Mundy's claims in the state court and attached the State Court Complaint.

---

[1] *Voluntary Petition*, Entry No. 2-2 at p.2.
[2] *Corres. Exhibit*, Entry No. 2-2 at p. 138.
[3] *Motion to Lift Stay*, Entry No. 2-2 at p. 61.

4

Importantly, the Motion to Lift Stay did not assert that the debt was not subject to discharge, and did not mention or cite to 11 U.S.C. § 523. To the contrary, the Motion to Lift Stay specifically stated that Mundy would return to the Bankruptcy Court "with any potential judgment *to be administered by the estate*."[4] There was no suggestion in the Motion to Lift Stay, or in the relief requested therein, that Mundy sought an exception to discharge so that he could pursue collection of a judgment against the Debtor post-bankruptcy.

The deadline for a creditor to file an adversary proceeding objecting to the discharge of a debt under § 523(a)(2), (4), or (6) passed on November 1, 2021.[5] No adversary proceeding or other pleading objecting to discharge was filed by this deadline.

The Debtor filed an objection to the Motion to Lift Stay on November 15, 2021.[6] The Debtor argued that this was a "no asset" bankruptcy case and, since there had been no action initiated to deny the Debtor's discharge under 11 U.S.C. § 727, nor had Mundy's claim been excepted from discharge under § 523, lifting stay would serve no purpose.

Thereafter, on November 18, 2021, Mundy filed a *Motion to Amend Motion for Relief from Automatic Stay to Constitute an Adversary Proceeding Complaint*

---

[4] *Id*. at p. 65 (emphasis added).
[5] *Bankr. Docket*, Entry No. 2-1 at p. 1.
[6] *Obj. to Lift Stay Motion*, Entry No. 2-2 at p. 107.

*to Deny Discharge, Convert the Motion to a Timely Filed Adversary Proceeding, and Relate Said Amendment Back to the Originally Filed Motion* ("Motion to Amend").[7] The Debtor filed a response objecting to the relief requested in the Motion to Amend.[8]

After a hearing, the Bankruptcy Court entered an Order denying the Motion to Lift Stay and denying the Motion to Amend.[9] This appeal followed.

## SUMMARY OF THE ARGUMENT

Mundy did not file an action to except his debt from discharge prior to the deadline of November 1, 2021. What he filed was a Motion to Lift Stay which sought stay relief so that Mundy could continue the state court litigation for the purpose of disposing of and liquidating his claims. The Motion to Lift Stay did not put the Debtor on notice that Mundy was challenging the discharge of this debt. The Motion does not state anywhere that the debt is not subject to discharge, and it does not cite to or mention 11 U.S.C. § 523.

---

[7] *Motion to Amend*, Entry No. 2-2 at p. 118.
[8] *Response to Mt. Amend*, Entry No. 2-2 at p. 128.
[9] *Order*, Entry No. 2-3 at p. 17.

# ARGUMENT

## A. The Bankruptcy Court correctly found that the Motion to Lift Stay failed to provide notice that Mundy intended to challenge the discharge of his claims.

The Motion to Lift Stay was not sufficient to put the Debtor on notice that Mundy was challenging the discharge of his claims. There was not a single assertion in the Motion that the debt was not dischargeable. There was not a single citation to or reference to 11 U.S.C. § 523. There was no suggestion that Mundy sought to liquidate his claims so that he could pursue the judgment against the Debtor after the bankruptcy case was closed. On the contrary, all indications in the Motion were that Mundy wanted to continue his State Court action for the purpose of liquidating the claims, and then have any judgment administered *through the bankruptcy estate* only.[10]

Mundy has argued that the Motion to Lift Stay sufficiently notified the Debtor of a challenge to discharge because (1) there was a cursory reference using the word "dischargeability", and (2) he incorporated the State Court Complaint and allegations in the Motion, which Mundy contends should have alerted the Debtor that discharge was being challenged. These arguments are without merit.

---

[10] "Here, Movant does not seek relief from the automatic stay for the purpose of executing and/or collecting on any potential judgment obtained in the State Court Action. Movant would return to this Court with his judgment for administration." *Motion to Lift Stay*, Entry No. 2-2 at p. 66.

### *1. Cursory Reference to "Dischargeability"*

In Mundy's 10-page, single-spaced Motion, the following is the entirety of any mention of discharge or dischargeability, in context. It is in connection with the discussion of factors the court should consider in granting relief from stay to allow a state court action to proceed:

> One additional factor . . . this Court has considered in determining whether to grant relief from the automatic stay, [*sic*] is "the impact of relief from stay on the debtor." *In re Salinas*, 2006 Bankr. LEXIS 4523, *12. In *Salinas*, this Court looked to the Eastern District of Virginia's decision in *Keane* for guidance when analyzing this factor. [citations omitted.] After applying *Keane*, the Court determine that because it was yet to be determined whether the debtor was liable for the pending state law claims (whether there was a debt owed), and if so, under what legal theory, the Court was unable to discern whether the claims would have any impact on **dischargeability**. [citation omitted.]
>
> Here, the same is true. The Debtor has not yet been found liable (i.e., whether there is a debt owed), and if so, under what legal theory. Movant, however, has asserted a claim for Violation of North Carolina's Unfair and Deceptive Trade Practices Act (N.C. Gen. State [*sic*] § 75-1.1, et seq.) An essential element of that claim involves that the defendant "committed an unfair or deceptive act or practice." [citation omitted.] And fraud constitutes a *per se* violation of North Carolina's Unfair and Deceptive Trade Practices Act. [citation omitted.] Therefore, whether Debtor secured Movant's termination by fraud and/or material misrepresentations may impact **dischargeability**. As such, while there is no discernable prejudice to the Debtor and liability and the amount of the possible debt have yet to be determined, this factor weighs in favor of granting relief.

*Motion to Lift Stay*, Entry No. 2-2 at p. 67 (bold emphasis added to highlight the only mention of "dischargeability" in the entirety of the Motion to Lift Stay).

This cursory reference to dischargeability cannot fairly be interpreted as putting the Debtor on notice that Mundy was challenging the discharge of his claims. The phrase "may impact dischargeability" was simply parroted from a case that was being cited for the proposition that the Debtor would not be prejudiced by relief from stay. It does not constitute notice that the discharge of Mundy's claims was being challenged.

Mundy argues that, because the Debtor's response to the Motion to Lift Stay noted the lack of a formal discharge complaint, the Debtor "understood that the Appellant was challenging the dischargeability of his claims." (Appellant's Brief, Entry No. 8, at p. 8.)[11] This is not a reasonable conclusion from the Debtor's response, which simply distinguished the cases relied upon by Mundy by pointing out that there had been no challenge to dischargeability in the case at bar. In relevant part, the Debtor's response argued:

> The Movant has not initiated any action to except his disputed debt from the Debtor's discharge. In the Movant's 10-page single-spaced motion, there is only one sentence that even mentions any issue involving the Debtor's discharge in this case. (*See* Motion at p. 7.) There, the Movant opines that in the *Salinas* case "the Court was unable to discern whether the claims would have any impact on dischargeability." (Motion at p. 7.) Movant then posits that, as to the NCUTPA claim, "whether Debtor secured Movant's termination by fraud and/or material misrepresentations may impact

---

[11] Appellant's Brief at p. 8 mistakenly states that the Debtor argued in her response to the Stay Motion that the Motion was not sufficient to initiate an adversary proceeding. Rather, this argument was made in the Debtor's response to the Motion to Amend, *after* Mundy attempted to convert the Motion to Lift Stay to an adversary proceeding. *See Response to Mt. Amend*, Entry No. 2-2 at p. 129.

9

> dischargeability." (Motion at p. 7.) However, the Movant disregards the fact that in the *Salinas* case, the United States Trustee had objected to the debtor's discharge before relief from stay was requested. *See Salinas* at p. 4. Likewise, in the *Keane* case cited by Movant, there was a pending dischargeability complaint. *See In re Keane*, 2003 WL 22794551 (Bankr. E.D.Va. 2003). **Unlike these cases relied upon by Movant, the Debtor's discharge has not been questioned or challenged in the case at bar.**
>
> There is no cause to lift the stay. In *Salinas*, the Court stated: "Normally, since this is a no asset chapter 7 case and it appears that the claim is pre-petition, there would be no need to litigate the claim in state court and the debt would be discharged. In such a case the stay would not be lifted." *Salinas* at p. 7. The case at bar is factually identical to what the Court in *Salinas* described to be the normal result when discharge has not been contested: This is a no asset chapter 7 case, the Movant's claim is pre-petition, and the Movant's claims will be subject to the Debtor's discharge. Therefore, there is no reason to liquidate the Movant's claims, and no reason to lift the stay to do so.

*Obj. to Lift Stay Motion*, Entry No. 2-2 at p. 108-09 (emphasis added). The Bankruptcy Court correctly recognized that "[a]n experienced bankruptcy attorney may review the Stay Motion and understand that without a timely challenge under § 523, the relief is not viable. However, that is Debtor's *defense* to the Stay Motion, not evidence of adequate notice of a § 523 challenge therein, and such an understanding should not be conflated with adequate notice."[12]

### 2. *Incorporation of State Court Complaint and Allegations*

The incorporation of the State Court Complaint and its allegations in the Motion to Lift Stay did not provide notice that Mundy was attempting to challenge

---

[12] *Order*, Entry No. 2-3 at p. 29.

10

the discharge of his claims. Absent citation to § 523 and/or a specific assertion that the claims are not subject to discharge, simply incorporating a complaint for damages based on a state law tort is not enough to put a debtor on notice that discharge is being challenged. "Willful *conduct*" alleged in connection with a state law tort is not necessarily the same as the "willful and malicious *injury*" that § 523(a)(6) requires. *See Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 977, 140 L. Ed. 2d 90 (1998) ("The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury."). There is no allegation in the State Court Complaint or in the Motion to Lift Stay that alleges a "willful and malicious injury." Further, a Debtor should not be required to parse through allegations in every pleading filed before the discharge deadline to determine if there are any allegations that might later be interpreted to fall under one of the categories of § 523(a)(2), (4), or (6). *See In re McConkey*, 2011 WL 1436431 (Bankr. D. Md. April 14, 2011) (although stay relief motions alleged that debtor's actions were fraudulent, they did not demand a nondischargeable judgment or cite to § 523).

**B.     The Bankruptcy Court correctly distinguished the facts in the case at bar from the *Wilkerson* case to deny Mundy's Motion to Amend, and properly denied the request that the amendments relate back to the Motion to Lift Stay.**

In *In re Wilkerson Fuel, Inc. v. Elliot*, the movant filed a state court

complaint based on allegations of fraud before the debtor filed for bankruptcy. 415 B.R. 214 (D.S.C. 2009). Before the deadline to file a complaint against the Debtor's discharge passed, the movant filed a motion for relief from stay, specifically arguing that the "claim was based on fraud and not dischargeable in bankruptcy." *Id*. at 217. In that case, the movant's motion "repeatedly reference[d] the nondischargeability statute, § 523." *Id.* at 220. The repeated references to discharge, and the specific statements that the claims were not dischargeable, were enough to put the debtor in *Wilkerson* on notice that the discharge was being contested. By contrast in the case at bar, there was no reference at all to § 523 in the Motion to Lift Stay, and no assertion that Mundy's claims were nondischargeable. As noted by the Bankruptcy Court:

> This case resembles *Wilkerson* in some respects but departs considerably in the substance of the pleadings and degree to which the timely pleadings provided notice that the creditors were seeking to except their debts from discharge. The motion in *Wilkerson* contained many signs of a challenge to the dischargeability of a debt; this Stay Motion does not.

*Order*, Entry No. 2-3 at p. 28. The Bankruptcy Court correctly distinguished *Wilkerson* to hold that the Motion "does not constitute a complaint to except a debt from discharge for which subsequent pleadings may relate back." *Id*. at p. 29.

Numerous courts have considered whether a pleading that was not formally filed as an adversary proceeding to challenge dischargeability should be deemed sufficient to initiate a challenge to discharge. In some cases, the courts have found

12

that the defective pleading should be considered an adversary proceeding to challenge the discharge of the debt.[13] In other cases, the courts have found the opposite and have held that the defective pleading was not sufficient to initiate a complaint to object to the discharge of a debt.[14] When comparing these cases, a

---

[13] *See Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502 (9th Circuit 1995) (prior pleading argued that debt could not be discharged in plan, cited statutory criteria for nondischarge of debt, and asserted in claim for relief that the debt could not be discharged under the law); *Miller v. Levine (In re Levine)*, 132 B.R. 464 (Bankr. M.D. Fla. 1991) (pleading titled "Objection to Dischargeability" cited to § 523(a) and concluded that discharge should be denied); *Evans v. Pace (In re Pace)*, 130 B.R. 338 (Bankr. N.D. Fla 1991) (document entitled "Objection to Discharge" stated that creditor objected to discharge and cited § 523); *Beem v. Ferguson*, 713 Fed. Appx. 974 (11th Cir. 2018) (unpublished) (prior pleading "prominently requested the bankruptcy court to 'enter an order holding Beem's debt is non-dischargeable'"); *Louvier v. Thompson (In re Thompson)*, 572 B.R. 638 (Bankr. S.D. Tex. 2017) (tardy complaint related back to date of motion for relief from stay when the motion expressly referred to § 523 and asserted that the debt was not dischargeable); *Mendenhall v. Mendenhall (In re Mendenhall)*, 2014 WL 4494811 (Bankr. S.D. Ala. 2014) (complaint filed in main case, without initiating adversary proceeding, was sufficient for relation back when it alleged debt was nondischargeable pursuant to § 523); *Pfeiffer v. Rand (In re Rand)*, 144 B.R. 253 (Bankr. S.D.N.Y. 1992) (*pro se* letter to court specifically objecting to discharge of debt deemed a complaint); *In re Bey*, 2014 WL 4071042, *5 (Bankr. C.D. Cal. Aug. 20 2014) (document titled "Complaint to Determine Dischargeability and In Objection to Discharge" left no doubt that the purpose of the pleading was to object to discharge).

[14] *See Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 37 F.3d 1354 (9th Cir. 1994) (no assertion in prior pleading that debt was nondischargeable); *Matter of McGuirt*, 879 F.2d 182 at n.2 (5th Cir. 1989) (holding that *per se* application of relation back doctrine not justified "wherever there happens to have been a prior filing of some kind," and refusing to allow relation back to a motion for relief from stay); *Markus v. Markus (In re Markus)*, 313 F.3d 1146 (9th Cir. 2002) (pleading was entitled "Motion to Object to Debtors Discharge and Convert to Chapter 7 Case to Chapter 13," referred to "fraudulent" action, but did not assert that pre-petition debt was not dischargeable so as to put Debtors on notice of challenge to dischargeability of the debt); *In re Ia Vang Xiong*, 2011 WL 10723287 (Bankr. E.D. Cal. 2011) (unpublished) (untimely complaint did not relate back to prior motion for relief from stay when motion failed to cite to § 523 and merely recited that the claims were "nondischargeable in nature"); *In re Kennerley*, 995 F.2d 145 (9th Cir. 1993) (motion for relief from stay did not mention § 523 and did not indicate that creditor was seeking to have dischargeability of debt decided at that time); *In re Hunley*, 2017 WL 1043107, *1 (Bankr. W.D. Va. March 15, 2017) (motion for relief merely stated that creditor had "alleged conduct that is not dischargeable," and there was no request for the court to determine the dischargeability of the claim); *In re McConkey*, 2011 WL 1436431 (Bankr. D. Md.

common theme is apparent. When the prior pleading makes a clear assertion that the debt is not dischargeable, then the court is likely to treat the pleading as an adversary proceeding challenging discharge, albeit defective in form. However, when § 523 is not cited and there is no clear statement that the debt is not dischargeable, then the creditor's attempt to relate back to the prior pleading fails. It is clear to see that the Motion to Lift Stay in the case at bar falls in the latter category.

## C.     The Bankruptcy Court correctly determined that equitable tolling was not warranted under the facts of this case.

The Bankruptcy Court extensively cited to law indicating that equitable tolling is an extraordinary remedy to be used sparingly. The United States Supreme Court has held: "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) (claimant filed right-to-sue letter within the time limit for discrimination claim; Court held there was no basis to equitably toll deadline just because something had been filed prior to the deadline).

Mundy acknowledges in his Brief that he must show that extraordinary circumstances existed beyond his control which prevented him from filing a challenge to discharge on time. He has not made such a showing. Instead, he

---

April 14, 2011) (although stay relief motions alleged that debtor's actions were fraudulent, they did not demand a nondischargeable judgment or cite to § 523).

merely makes the circular argument that since he was diligent enough to file the Motion to Lift Stay within the discharge deadline, it should be treated as a defective pleading challenging discharge.

There were no extraordinary circumstances that prevented a timely challenge to discharge by Mundy. "The record indicates only garden variety excusable neglect in Creditor's failure to timely assert the debt should be excepted from discharge rather than any evidence of extraordinary circumstances to warrant the relief requested."[15] *See In re Sutton*, 283 B.R. 592 (Bankr. D. Nev. 2002) (exception to untimely discharge complaint permitted when result of court's mistake, and not the mistake of the party); *Trujullo v. Moffitt (In re Moffitt)*, 623 B.R. 349 (Bankr. M.D. Fla 2020) (corporate statement filed with docket entry describing it as a complaint for relief under § 523(a)(6) was not sufficient basis to toll deadline).

**D.    The Bankruptcy Court did not err in its consideration of the prejudice of the parties.**

Mundy argues in his Brief that "the Bankruptcy Court gave undue consideration to what prejudice the Debtor may suffer from lingering doubts about the finality her [*sic*] discharge."[16] While the Bankruptcy Court noted that deadlines are in place for a reason and acknowledged that "the aim of the Bankruptcy Code

---

[15] *Order*, Entry No. 2-3 at p. 33.
[16] *Appellant Brief*, Entry No. 8 at p. 12.

and Rules [are] to give debtors a fresh start free from concern about the finality of their discharge," the Court did not give "undue consideration" to the prejudice to the Debtor.[17] Rather, the Court properly acknowledged that there is actual prejudice to a debtor in allowing a discharge challenge after the deadline has passed. *See In re Alhuneidi*, 632 B.R. 737, 743 (Bankr. E.D. Tex. 2021) ("there is actual prejudice to Defendant in allowing the Complaint to proceed. Debtors should have a 'definite date' for discharge").

Further, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Since the Bankruptcy Court property found that there was no basis to apply equitable tolling, the result would be the same whether or not the Court had determined that the Debtor would suffer prejudice.

## CONCLUSION

The Bankruptcy Court correctly denied Mundy's Motion to Lift Stay and Motion to Amend. The Motion to Lift Stay did not assert that the debt was not dischargeable and did not cite to § 523. There was no notice to the Debtor that

---

[17] *See* Order, Entry No. 2-3 at p. 33.

Mundy was objecting to the dischargeability of his claims. Further, there were no extraordinary circumstances in this case to warrant equitable tolling of the deadline.

For the foregoing reasons, the Appellee respectfully requests that this Court affirm the Bankruptcy Court's Order.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
|  | BARTON BRIMM, PA |
|  | BY:   /s/Christine E. Brimm_____ |
|  | Christine E. Brimm, #6313 |
|  | P. O. Box 14805 |
|  | Surfside Beach, South Carolina 29587 |
|  | Tele: (803) 256-6582 |
|  | Fax: (803) 779-0267 |
|  | cbrimm@bartonbrimm.com |
| March 23, 2022 | **ATTORNEY FOR APPELLEE** |

**Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

1. This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because this document contains 3536 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Times New Roman in 14-point.

BARTON BRIMM, PA

/s/Christine E. Brimm_____                                   March 23, 2022
Christine E. Brimm, #6313