In re Ia Vang Xiong, Not Reported in B.R. (2011)

2011 WL 10723287
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States Bankruptcy Court, E.D. California,
Fresno Division.

In re IA VANG XIONG, Debtor.
Yeng Yang, Plaintiff,
v.
Ia Vang Xiong, Defendant.

Bankrutpcy No. 10–65087–B–13.
|
Adversary No. 11–1120.
|
Sept. 14, 2011.

**Attorneys and Law Firms**

Peter L. Fear, Esq., appeared on behalf of the debtor/defendant, Ia Vang Xiong.

Jeffrey D. Bohn, Esq., appeared on behalf of the plaintiff, Yeng Yang.

**MEMORANDUM DECISION REGARDING MOTION TO DISMISS COMPLAINT**

W. RICHARD LEE, Bankruptcy Judge.

**\*1** This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R.App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013–1.
Before the court is a motion (the "Motion to Dismiss"), filed by the debtor/defendant, Ia Van Xiong (the "Debtor"), to dismiss with prejudice this adversary proceeding to determine the dischargeability of a debt. The plaintiff, Yeng Yang (the "Plaintiff"), missed the deadline to file an objection to the dischargeability of her claim. Because the Plaintiff did not request an extension of that deadline, the late-filed complaint (the "Complaint") is time-barred unless it relates back to a timely-filed pleading. The Plaintiff contends that the Complaint should relate back to an earlier motion for relief from stay ("Motion for Relief"). Because the Motion for Relief does not satisfy the procedural requirements for a complaint, it is not a "deficient pleading" to which the Complaint can relate back. The Motion to Dismiss will be granted.

This memorandum decision contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052).[1] The bankruptcy court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, 11 U.S.C. § 523 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I).

*Background and Findings of Fact.*
On December 31, 2010, the Debtor filed a petition under chapter 13, together with a verified master address list which included the Plaintiff at her attorney's office address. The Debtor's schedule F listed the Plaintiff as an unsecured creditor with a claim described as, "Lawsuit filed 9/24/08 based on incident 6/9/08" and valued at $0 (the "Plaintiff's Claim"). The Debtor's Statement of Financial Affairs disclosed, under "Suits and administrative proceedings," the Plaintiff's "Complaint for personal injury, assault, battery, negligent infliction of emotional distress" (the "State Court Action").

On January 14, 2011, the court issued and mailed to each creditor listed in the master address list a two-page document titled: "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines" (the "Case Notice"). The deadlines for taking certain actions are listed on the first page of the Case Notice with the caveat (emphasis original): "**Deadlines**—Papers must be *received by* the bankruptcy clerk's office by the following deadlines." The deadline relevant to this Motion to Dismiss is, "**Deadline to Object to Debtor's Discharge *or* to Challenge the Dischargeability of Certain Debts: 04/11/2011.**" The reverse side of the Case Notice contains detailed explanations of the terms used in the Notice and of the relevance of the deadlines. The Plaintiff does not deny receipt of the Case Notice.

**\*2** On April 8, 2011, the Plaintiff filed the Motion for Relief to pursue the pending State Court Action. The Motion for Relief alleged in a conclusory statement that the Plaintiff's Claim is "nondischargeable in nature" and sought leave to have the dischargeability issue adjudicated in the state court:

> "1) the bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with [Plaintiff's] prosecution of the non-bankruptcy action; 2) the claims are nondischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum; 3) the claims at issue (personal injuries to [Plaintiff] from battery committed by [Debtor] arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum."

Motion for Relief, 2:17–23, April 8, 2011.

The nature of the tort claims pled in the State Court Action were described in a declaration from the Plaintiff's attorney: "The causes of action pleaded [sic] in the non-bankruptcy forum are: Assault, Battery, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress." Attached to the attorney's declaration is a copy of the complaint filed in the State Court Action.

On April 26, 2011, the Plaintiff filed the Complaint in this court objecting to discharge of the Plaintiff's Claim pursuant to § 523(a)(6), based on alleged willful and malicious injury. On April 27, 2011, the Debtor filed an opposition to the Motion for Relief on the grounds that, (1) the Plaintiff had not filed a proof of claim in the bankruptcy proceeding, and (2) the deadline for objecting to the discharge of the Plaintiff's Claim had already passed. The Motion for Relief was denied at a hearing on July 7, 2011.

*Issues Presented.*
The Plaintiff's Complaint was filed in this court after the bar date had already passed. Unless the Complaint can relate back to the Motion for Relief, it is untimely and must be dismissed. Thus, the issue presented is whether or not the Motion for Relief is a pleading which substantially complies with the requirements for a complaint in Federal Rule of Civil Procedure 8 (made applicable to this adversary proceeding by FRBP 7008) and would constitute a "deficient pleading" to which the Complaint can "relate back."[2]

*Analysis and Conclusions of Law.*

*Applicable Law.*
Under Federal R. Bankr.P. 4007(c), a complaint to determine the dischargeability of a debt under § 523(a)(6) had to be filed not later than 60 days after the first date set for the meeting of creditors under § 341(a) (the "Bar Date"). Here, the Bar Date was April 11, 2011, and the Plaintiff received notice of the Bar Date in the Case Notice.

There is no disagreement that the Complaint initiating this adversary proceeding was filed after the Bar Date. The Bar Date was subject to an extension only if the Plaintiff filed a timely motion for an extension of the Bar Date upon a showing of "cause." No request for an extension was filed and the Rules do not provide for relief from the Bar Date based on "excusable neglect."[3] The Complaint therefore is untimely unless this court determines that the Complaint "relates back" to a prior timely filed "deficient pleading." That document here is the Motion for Relief.

**\*3** The procedural rule for pleading a claim for relief in federal court is FRCP 8, which applies to adversary proceedings. Rule 7008. "In the bankruptcy context, we construe a deficient pleading liberally, if the pleading substantially complies with the requirements of a complaint by giving the debtor 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Markus v. Gschwend (In re Markus),* 313 F.3d 1146, 1149 (9th Cir.2002)(citing *Dominguez v. Miller (In re Dominguez),* 51 F.3d 1502, 1508 (9th Cir.1995)).

The Ninth Circuit has addressed the "relation back" issue in three cases with different results. In the case *Classic Auto Refinishing, Inc. v. Marino (In re Marino),* 37 F.3d 1354 (9th Cir., 1994), the Court explained the essential requirements a document must meet in order for it to be denominated as a "complaint," albeit a deficient one, and held that the document in question failed to do so. In a subsequent case, *In re Dominguez,* the Court determined that the document in question *did* meet the requirements and deemed it to be a timely-filed "deficient complaint" to which the subsequent untimely pleading could "relate back." 51 F.3d at 510. Finally, in *In re Markus,* the Court compared the holdings in *Marino* and *Dominguez* and narrowed the definition of a "deficient pleading." 313 F.3d at 1149–51.

In *Marino,* the creditor held a state court judgment of $741,000 against the debtor based on fraud and breach of contract. In response, the debtor filed a chapter 11 bankruptcy case. The creditor's state court counsel did not timely object to discharge of the claim. However, before the bar date passed, the creditor did file an "Opposition to Sale" of some assets. That pleading was accompanied by an attorney's declaration and copy of the state court complaint. The attorney then filed a formal complaint one day after he learned that the bar date had passed; the debtor moved to dismiss the complaint as untimely under Rule 4007(c). The creditor argued that the complaint related back to its "Opposition to Sale."

The bankruptcy court agreed with the debtor and dismissed the complaint. The BAP affirmed and the Ninth Circuit agreed, citing FRCP 15 and explaining that a complaint can only relate back to a *pleading,* in this case a complaint. The Court concluded that the "Opposition to Sale" and the documents filed with it did not substantially comply with the requirements of a complaint and so the relation back doctrine could not render the complaint timely. *In re Marino,* 37 F.3d at 1356.

While the purpose of notice pleading mandates that pleadings be construed to do substantial justice, "the policy of construing pleadings liberally does not justify the conclusion that *any document filed in a court giving some notice of a claim* satisfies the requirements of the Federal Rules. The documents filed ... taken as a whole, do not satisfy the requirements for a complaint." *Id.* at 1357 (emphasis added).

**\*4** The following year in *Dominguez* the Court distinguished its holding in *Marino* and concluded that the creditors' documents *did* constitute a "deficient complaint." There, the creditors held claims for over $5 million and were active in the chapter 11 proceedings from the beginning. The chapter 11 trustee filed a liquidating plan which proposed to discharge all debts not explicitly excepted in the plan. The creditors objected and argued, based on § 1141(d)(3), that confirmation of the trustee's plan could not discharge their claim as a matter of law. Before the confirmation hearing, the creditors pled their argument in a document titled "Memorandum Re: Relationship between Order Confirming Trustee's Plan and Debtor's Discharge." *In re Dominguez,* 51 F.3d at 1505.

The *Dominguez* Court upheld the BAP's decision affirming the trial court and held that the "Discharge Memorandum" qualified as a complaint, "because it challenged [debtor's] right to a discharge and provided appropriate allegations and at

least some substantive evidence to support the challenge." *Id.* at 1505–06. The Court cited *Marino,* which it characterized as, "affirming a BAP dismissal primarily because the document alleged to serve the function of a complaint did not demand a judgment of nondischargeability." *Id.* at 1506. Rule 8 requires not only a "short and plain statement of the claim showing that the pleader is entitled to relief," but "also requires a reference to the Code section to which the adversary proceeding relates." *Id.* at 1509. The Court held that the case was distinguishable from *Marino*.

> [Debtor] received timely notice that the [creditors] were contesting his right to discharge under section 1141(d)(3). The Discharge Memorandum urged the bankruptcy court to address the extent to which the confirmation order should discharge [debtor's] debts. The memorandum cited the statutory criteria upon which the [creditors] relied in making their claim of nondischargeability, and it referenced specific sections of the examiner's report as support for their allegations that the criteria had been satisfied. It stated the [creditors'] claim for relief, in that it claimed that the confirmation order could not discharge [debtor's] debts under the law."

*Id.*

There the matter rested for several years, at least in the Ninth Circuit, until the Court revisited the issue in *In re Markus,* deciding, without oral argument, that the document in question *was not* a deficient complaint. In *Markus,* the creditor filed a "Motion to Object to Debtors [sic] discharge and Convert the Chapter 7 Case to Chapter 13" four days prior to the bar date. Subsequently, the creditor filed an adversary complaint which the court dismissed as time-barred. The BAP reversed the dismissal and remanded, holding that the "Motion to Object" was a deficiently pled complaint. The Ninth Circuit reversed, finding the case more similar to *Marino* than *Dominguez.* In so doing, the Court tightened up the rationale for its previous conclusion that the documents in *Dominguez* constituted a complaint.

**\*5** In *Markus,* the Court said, the "Motion to Object" was "clearly aimed" at converting the debtor's case from chapter 7 to 13 and the factual allegations all had to do with the debtor's assets and her behavior after the state court litigation. In addition, the "Motion to Object" failed to identify any code section or criteria for nondischargeability. *In re Markus,* 313 F.3d at 1150. The main deficiency of the *Dominguez* document was its caption as a "Discharge Memorandum" rather than a complaint. In other respects it met the pleading requirements of Rule 8 in that it: 1) cited the statutory criteria for nondischargeability; 2) referenced specific evidence to support its allegations that the criteria for nondischargeability were satisfied; and, 3) stated a claim for relief by asserting that the confirmation order could not discharge the debtor's debts. *Id.*

Thus, the Ninth Circuit has held that a document may be deemed a complaint despite being differently captioned. However, it is clear that the document must still meet the statutory requirements of a complaint:

> 1. The main purpose of the document cannot be something other than a direct challenge of the debtor's right to a discharge; and
>
> 2. The document must cite the statutory criteria for nondischargeability; and
>
> 3. The document must reference specific evidence to support its allegations that the criteria for nondischargeability are satisfied; and
>
> 4. The document must state a claim for relief by asking the court to deny the debtor's discharge.

Turning now to the case at hand, the relevant pleading is titled "Notice of Motion and Motion for Relief from the Automatic Stay under 11 U.S.C. Section 362; with Supporting Declaration of Jeffrey D. Bohn, Esq." The Motion for Relief is clearly aimed at achieving relief from the automatic stay in order to proceed with the adjudication of the Plaintiff's claims in the State Court Action. The Motion for Relief makes no request to have the dischargeability issue decided in the bankruptcy court, even though this court has exclusive jurisdiction to decide that issue.

The Motion for Relief does not cite any authority for excepting the Plaintiff's Claim from discharge; the only authority the plaintiff cites is § 362(d)(1), which specifies "cause" for grounds for relief from the automatic stay. The Motion for Relief does not allege specific facts or make reference to evidence which would support a claim of nondischargeability: It merely recites in conclusory form that the claims are "nondischargeable in nature" and "can be most expeditiously resolved in the non-bankruptcy forum; and 3) the claims at issue (personal injuries to YENG YANG from battery committed by IA XIONG arise under non-bankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum."

As in *Marino,* the Plaintiff did attach to her Motion for Relief a copy of the complaint filed in the State Court Action which does allege intentional infliction of emotional distress.[4] However, the pleading of various tort claims under state law does not automatically meet the "willful and malicious injury" requirements of a claim under § 523(a)(6). Negligence, which is also alleged in the State Court Action, does not rise to the level for nondischargeability. In *Marino,* the inclusion of the state court complaint did not transform the plaintiff's "Opposition to Sale" into a defective complaint. Here, attaching the complaint filed in the State Court Action does not alter the character of the Motion for Relief. Finally, in the prayer to the Motion for Relief, the Plaintiff does not ask the court for a determination of nondischargeability, but for relief from the stay to allow the Plaintiff to "proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum."

**\*6** The court appreciates that the 60–day dischargeability bar date can potentially lead to a harsh result for creditors with bona-fide nondischargeability claims. However, the deadlines in the Rules strike a balance between the competing interest of the debtors who want a fresh start and the creditors who would like to receive payment of their claims. The relatively brief deadlines for objections relating to a debtor's discharge are there to encourage expeditious administration of the case. The short deadlines "give debtors some degree of certainty in the process of obtaining a discharge." *See In re Chamness,* 312 B.R 421, 423 (Bankr.D.Colo.2004). "A Chapter 7 bankruptcy discharge entitles a debtor to a 'fresh start,' therefore, the debtor has an interest in the prompt resolution of all discharge issues." *In re Davis,* 195 B .R. 422, 424 (Bankr.W.D.Mo.1996) (citation omitted).

*Conclusion.*
The court concludes that the Motion for Relief filed by the Plaintiff prior to the Bar Date more closely resembles the document filed in *Marino,* which failed to meet the requirements for a complaint. The Motion for Relief does not rise to the level of the document filed in *Dominguez* where the primary defect was the caption of the document and it does not substantially comply with the requirements of Rule 8. Therefore, the Motion for Relief does not satisfy the requirements for a "complaint." The Complaint was filed after the Bar Date, no motion to extend the Bar Date was filed, and there is no "pleading" to which the Complaint can relate back. Therefore, the Motion to Dismiss will be granted. The adversary proceeding will be dismissed with prejudice.

**All Citations**

Not Reported in B.R., 2011 WL 10723287

Footnotes

[1]  Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, Apr. 20, 2005, 119 Stat. 23.

[2]  The Plaintiff also filed an objection to confirmation of the Debtor's chapter 13 plan on April 8, 2011, which makes reference to the State Court Action and to the Motion for Relief. The Plaintiff does not contend that this document constitutes a "deficient pleading."

[3]  This "strict construction" standard is supported by the fact that Rule 9006(b), the general procedural rule for enlarging the time limits under the other Rules, specifically excludes the deadlines in Rules 1017(e), 4004(a) and 4007(c) from its application. Rule 9006(b)(3). As a result of this exclusion, the courts may not consider an untimely motion to enlarge the 60–day deadline in those Rules and may not consider whether the failure to act was the result of excusable neglect. Rule 9006(b)(1).

[4]  The complaint filed in the State Court Action contained multiple plaintiffs and multiple claims. There is no explanation why the two minor plaintiffs in the complaint filed in the State Court Action were not included in the Complaint filed in the adversary proceeding.

**In re Ia Vang Xiong, Not Reported in B.R. (2011)**

**End of Document**　　　　　© 2022 Thomson Reuters. No claim to original U.S. Government Works.