

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| JEFFREY MUNDY,<br>　　　Appellant,<br><br>vs.<br><br><br>BETHANY ELEESE EDEN, *formerly known as Bethany Lee Witz, also known as Witlee Ethan*,<br>　　　Appellee. | §<br>§<br>§<br>§　CIVIL ACTION NO. 0:22-00073-MGL<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
AFFIRMING THE BANKRUPTCY COURT**

**I.     INTRODUCTION**

Appellant Jeffrey Mundy (Mundy), a creditor, filed this bankruptcy appeal against Appellee Bethany Eleese Eden (Eden), the debtor. Mundy makes five claims of error by the Bankruptcy Court. The Court has jurisdiction over the appeal in accordance with 28 U.S.C. 158(a).

Having carefully considered the parties' briefs, the record, and the applicable law, the Court will affirm the Bankruptcy Court's order as to the five issues Mundy raises.

## II.     FACTUAL AND PROCEDURAL HISTORY

Here is a time line of the pertinent factual and procedural history of this case:

**May 28, 2021**      Mundy filed a lawsuit in North Carolina state court against Eden. He asserts claims of defamation, which allegedly proximately caused termination of his employment, malicious interference with a contract, and unfair and deceptive trade practices.

**June 11, 2021**      A copy of Mundy's state court complaint is served upon Eden.

**August 2, 2021**      Eden filed a voluntary petition for Chapter 7 relief.

Eden's attorney sent Mundy's attorney an email notification of Eden's bankruptcy petition.

The Bankruptcy Court issued a notice of the bankruptcy filing, the automatic stay, and the November 1, 2021, deadline for creditors to file a complaint for discharge.

**October 30, 2021**      Mundy filed a motion to lift the automatic stay (stay motion) so that he could continue to pursue his state court action against Eden during the pendency of Eden's bankruptcy proceedings. He attached a copy of the state court complaint to, and incorporated it into, the stay motion.

**November 1, 2021**      As the Court noted above, this is the deadline to file a complaint for discharge. None was filed.

**November 15, 2021**      Eden filed a response in opposition to Mundy's stay motion.

| | |
|---|---|
| **November 18, 2021** | Mundy filed a motion to amend. In the motion, Mundy "moves to amend his [stay motion] to constitute an adversary proceeding complaint to deny dischargeability, convert [his stay motion] to a timely filed adversary proceeding, and relate said amendment back to the [stay motion]." Mundy's Motion to Amend at 1.<br><br>Mundy further asked, should the Bankruptcy Court decline to construe or convert his stay motion to a complaint for discharge, that the November 1, 2021, discharge bar date be equitably tolled on the basis that his filing of a defective pleading prior to the discharge date shows that he was actively pursuing his judicial remedies. |
| **November 30, 2021** | Eden filed a response in opposition to Mundy's motion to amend. |

After the Bankruptcy Court filed its order denying both Mundy's stay motion and his motion to amend, Mundy filed this appeal of the Bankruptcy Court's order with the Court. He thereafter filed his appellant brief and Eden filed her appellee brief, to which Mundy filed a reply.

The Court, having been fully briefed on all of the relevant issues, is now prepared to adjudicate Mundy's appeal.

**III.    FIVE ISSUES ON APPEAL**

As the Court noted above, Mundy lodges five assignments of error to the Bankruptcy Court's order.

As a prefatory matter, the Court notes the parties seem to suggest the proper standard of review for the Court's consideration of this appeal is limited to de novo and/or clear error. *See*

3

Mundy's Brief at 1 (stating the Court is to employ a de novo review to questions of law); Eden's Brief at 3 (stating the Court's review of conclusions of law is de novo and its review of findings of fact is for clear error). But, as the Court states below, it will review some of Mundy's issues on appeal for an abuse of discretion.

### A.  *Whether the Bankruptcy Court erred in failing to construe Mundy's stay motion to substantially comply with the requirements of a complaint for discharge*

*Whether the Bankruptcy Court erred in failing to find Mundy's stay motion constituted a timely filed challenge to the discharge of his claims.*

Because these two issues on appeal are closely related, the Court will address them in the same discussion and analysis section.

#### 1.  *Standard of Review*

"[T]he ultimate issue of dischargeability is a legal issue, and exceptions to discharge are narrowly construed[.]" *In re McNallen*, 62 F.3d 619, 625 (4th Cir, 1995).

"Whether a [pleading] alleges a cause of action is a question of law; the legal conclusions of the bankruptcy court in respect to the legal sufficiency of the [pleading] are reviewed de novo." *Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226, 1228 (6th Cir. 1991).

#### 2.  *Discussion and Analysis*

In Mundy's first assignment of error, he claims the Bankruptcy Court erred in failing to construe his stay motion to substantially comply with the requirements of a complaint for discharge. According to Mundy, his stay motion was sufficient to put Eden on notice that he was challenging the dischargeability of his claims against her, and contained the grounds upon which his objection to discharge rests.

Eden maintains, however, that Mundy's stay motion failed to provide notice that he intended to challenge the discharge of his claims against her.

"[A] discharge means the release of a [debtor] from all of [her] debts which are provable in bankruptcy, except such as are excepted[.]" *Audubon v. Shufeldt*, 181 U.S. 575, 577 (1901) (citation omitted) (internal quotation marks omitted). Whenever a creditor successfully challenges a discharge, such that the debt is excepted from discharge, the creditor is allowed to pursue collection of a debt against the debtor post-bankruptcy. *See United States v. White*, 466 F.3d 1241, 1246 (11th Cir. 2006) ("holders of nondischargeable debts can generally pursue collection").

Thus, as Mundy argues in his appeal, although a Chapter 7 petition for bankruptcy protection provides for the discharge of the debtor's debt, 11 U.S.C. § 523(a)(6) provides that it "does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" According to Mundy, Section 523(a)(6) applies to his claims in his state lawsuit against Eden.

For a creditor to properly challenge the dischargeability of her/his claims against the debtor under § 523(a)(6), the creditor is to file a complaint for discharge with the bankruptcy court. *See In re Jenkins*, 784 F.3d 230, 234 (4th Cir. 2015) ("[A] creditor . . . may object to the granting of a discharge by filing a complaint with the bankruptcy court."). Mundy asks the Court to construe his stay motion as, and convert his stay motion into, such a complaint.

In Mundy's stay motion, which he filed before the November 1, 2021, deadline for filing a complaint for discharge, he states, in pertinent part:

> Here, there would most certainly be a greater interference with the bankruptcy case if relief from the stay is not granted because Movant would be forced to file an adversary complaint to liquidate his claims

5

>
> and essentially restart the litigation process from scratch, only to have to take the findings of fact and conclusions of law back to the district court for review. Even though the State Court Action has not progressed significantly, if that were the case, it is likely the estate would have to remain open for a longer period.
> . . . .
> "[W]hether [Eden] secured [Mundy's] termination by fraud and/or material misrepresentations may impact dischargeability."

Stay Motion at 6-7.

Mundy's proposed order granting his stay motion states as follows:

> THIS CAUSE coming before the presiding judge pursuant to Jeffrey Mundy's [stay motion] . . . under Bankruptcy Code, 28 U.S.C. § 1334(c)(1) and (2) and Rule 4001 of the Federal Rules of Bankruptcy. Based on the Motion the Court finds the following:
> (1) The expertise of a bankruptcy court is not needed;
> (2) Granting relief from the Stay will promote judicial economy;
> (3) The bankruptcy estate will be properly protected in lifting the Stay;
> Therefore, the motion to lift stay is GRANTED.

The careful reader will notice that, in Mundy's proposed order, he fails to request the Bankruptcy Court to decide his debt is excepted from discharge. In fact, in his proposed order, he asks the Bankruptcy Court to hold its "expertise . . . is not needed." *Id*. Nor does he mention the relevant statute, § 523(a), in this stay motion.

The Court is aware that some courts have held motions such as this one, which were filed before the bar date, could be construed as challenging the dischargeability of a claim when the motion specifically stated the claim was dischargeable. *See, e.g., Dominguez v. Miller*, 51 F.3d 1502, 1505–1506 (9th Cir.1995) (the memorandum challenged the debtor's right to discharge and provided sufficient factual allegations to support the claim); *Wilkerson Fuel, Inc. v. Elliott*, 415 B.R. 214, 219 (D.S.C. 2009) (the motion for relief from the automatic stay cited 11 U.S.C. § 523(a)(2)

6

and stated the "[d]ebtor's liability is not dischargeable in bankruptcy"); and *In re Tribble*, 205 B.R. 405, 406 (Bankr. E.D. Ark. 1997) (the motion for relief from stay asserted that "since the state court lawsuit was for wilful and malicious injury, the debt was nondischargeable");

In *Wilkerson*, the district court held the Bankruptcy Court erred by not construing the creditor's stay motion as sufficient to put the debtor on notice that the creditor was challenging the dischargeability of the creditor's claim. But, in that case, a certification was attached to the motion stating that, "[o]n information and belief, [the creditor's] claims are not dischargeable pursuant to the provisions of 11 U.S.C. § 523." *Id*. at 219.

In addition, "the Motion alleged that [the debtor's] debt to [the creditor] is not dischargeable in bankruptcy based on fraud. Further, . . . [the creditor] repeatedly references the nondischargeability statute, § 523. The Motion . . . plainly put [the debtor] on notice that [the creditor] challenged the dischargeability of the claim." *Id*. at 220.

But here, as the Court has already stated, Mundy neither requested a nondischargeable judgment nor did he ever cite to Section 523(a) of the Bankruptcy Code.

The district court in *Wilkerson* also based its ruling on the fact that the debtor "responded to [the creditor's stay motion] stating in pertinent part that [the creditor's] 'motion is not a proper motion/action to determine dischargeability of a claim,' which supports the court's finding that [the debtor] understood that [the creditor] was challenging the dischargeability of the claim, albeit in a deficient pleading." *Wilkerson*, 415 B.R. at 220 (citation omitted).

Eden, in her response to Mundy's stay motion stated, instead, that Mundy "has not initiated any action to except his disputed debt from [Eden's] discharge. . . . [Her] discharge has not been questioned or challenged in the case at bar." Eden's Response to Mundy's Stay motion at 2.

7

Thus, she refers, not to a deficient pleading seeking dishargeability, which the *Wilkerson* court thought supported the debtor being on notice the creditor was challenging the dischargeability of his claim. Instead, Eden notes there is no such pleading. Consequently, the *Wilkerson* court's holding regarding the debtor's response is of no moment here.

Still, Mundy contends that Eden's knowing of his state claims of defamation and malicious interference with contract was enough to put her on notice he was seeking a discharge under § 523. But, it would be improper for the Court to construe Mundy's stay motion as a complaint for discharge on this basis. *See In re McConkey*, No. 08–25164–JS, 2011 WL 1436431, at *8 (Bkrtcy. D. Md. 2011) (denying the creditor's request to construe a motion for relief from a stay as an informal motion to extend time for filing a complaint to deny dischargeability of debt and stating that, "[w]hile it is true that the two motions for relief from stay filed by [the creditor] alleged that the debtor's actions were fraudulent, . . . neither demanded a nondischargeable judgment nor did they cite Section 523(c) of the Bankruptcy Code[,]").

As such, it is too much to ask this Court to say the Bankruptcy Court should have somehow appropriately construed Mundy's stay motion as, and converted the motion into, a challenge to the discharge of his claims. *See In re Marino*, 37 F.3d 1354, 1357 (9th Cir. 1994) ("[T]he policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules."). Thus, the Court will affirm the Bankruptcy Court's conclusion on this matter.

In Mundy's second assignment of error, he maintains the Bankruptcy Court erred in failing to find his stay motion constituted a timely filed challenge to the discharge of his claims. But, as the

Court already stated, this is essentially the same argument that he made in his first issue on appeal.

Mundy's stay motion strays far from any notion that Mundy intended to challenge the discharge of his claims in that.pleading.  Or, as the Bankruptcy Court put it: "[a] review of the [stay motion] does not lead to the conclusion that [Mundy] intended to challenge the discharge of a debt in that pleading." Bankruptcy Order at 13.

Accordingly, because the Court is unable to say the Bankruptcy Court erred when it declined Mundy's invitation to find his stay motion constituted a timely filed complaint for discharge, the Court will affirm the Bankruptcy Court on this issue, too.

### B.  *Whether the Bankruptcy Court erred in failing to allow Mundy to convert his stay motion to a complaint for discharge and relate such amendment back to the timely filing of his original stay motion*

#### *1.  Standard of Review*

The review a court's denial of a motion to amend is for an abuse of discretion.  *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir.1991).

"The relation back of an amendment is governed by Rule 15(c) and presents a question of law which this Court reviews de novo."  *Robinson v. Clipse*, 602 F.3d 605, 607 (4th Cir. 2010).

#### *2.  Discussion and Analysis*

Third, Mundy contends that the Bankruptcy Court erred in failing to allow him to convert his stay motion to a complaint for discharge and relate such amendment back to the timely filing of his original stay motion.

Eden contends, however, that, "when § 523 is not cited and there is no clear statement that the debt is not dischargeable, then [Mundy's] attempt to relate back to the prior pleading fails." Eden's Brief at 14.

As per Fed. R. Civ. P. 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading[.]"

Relation-back is permitted "if the new claim arises from the same conduct, transaction, or occurrence as the original claim. [The Court] will find such a link when the claim to be added will likely be proved by the same kind of evidence offered in support of the original pleading." *In re Dominguez*, 51 F.3d 1502, 1510 (9th Cir. 1995) (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit has held that a pleading may relate back to a timely filed motion that requested an order excepting the debt from discharge, set forth extensive factual basis for the requested relief, and cited to § 523(a)(6). *Beem v. Ferguson*, 713 F. App'x. 974 (11th Cir. 2018). And, the bankruptcy court in the Southern District of Texas has concluded that a pleading related back to timely filed pleadings, which set forth detailed factual allegations as to why the debt was incurred through fraud, asserted the debt should be excepted from discharge, and cited the dischargeability provisions. *Louviere v. Thompson*, 572 B.R. 638 (Bankr. S.D. Tex. 2017). The Court agrees with the reasoning of these Courts.

But, these cases are easily distinguishable from this one. As the Court has already detailed above, Mundy neither requested dischargeability in his stay motion nor did he ever cite to Section 523(c) of the Bankruptcy Code.

Consequently, there is nothing for Mundy's motion to amend to relate back to. Or, as the Bankruptcy Court aptly put it, Mundy's stay motion "does not constitute a complaint to except a debt from discharge for which subsequent pleadings may relate back." Bankruptcy Order at 13.

For these reasons, the Court will also affirm the Bankruptcy Court's decision on this matter.

### C.     *Whether the Bankruptcy Court erred in failing to exercise its equitable powers to toll the deadline for Mundy to object to the discharge of his claims*

#### 1.     *Standard of Review*

When the Court's decision on equitable tolling rests on factual determinations, it reviews for an abuse of discretion. *Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). But, when the Court's equitable tolling ruling is based, not on "the existence of certain facts, but instead rests on whether those facts demonstrate a failure to bring a timely claim, resolution of this challenge turns on questions of law[,] which are reviewed de novo." *Cruz v. Maypa*, 773 F.3d 138, 143 (4th Cir. 2014) (alteration and internal quotation marks omitted).

#### 2.     *Discussion and Analysis*

As to Mundy's fourth issue on appeal, he argues the Bankruptcy Court erred in failing to exercise its equitable powers to toll the deadline for Mundy to object to the discharge of his claims. According to Mundy, "the Discharge Bar Date should be equitably tolled due to [his] active pursuit of his judicial remedies by filing a defective pleading prior to the Discharge Date." Mundy's Brief at 5.

Eden, on the other hand, maintains that "[t]here were no extraordinary circumstances that prevented a timely challenge to discharge by Mundy." Eden's Brief at 15.

As the Court concluded above, Mundy failed to put Eden on notice by the November 1, 2021, deadline that he wished to except any debt from discharge. And, he is not entitled to the relation-back doctrine.

Deadlines such the November 1, 2021, deadline to file a complaint for dischargeability, however, "are subject to equitable defenses, although those defenses must be applied in a manner consistent with the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively . . . to ensure that the debtor receives a fresh start unobstructed by lingering doubts about the finality of the bankruptcy decree." *In re Kontrick*, 295 F.3d 724, 733 (7th Cir. 2002).

Equitable tolling is generally "a discretionary doctrine that turns on the facts and circumstances of a particular case." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotation marks omitted). "[C]onsidered an extraordinary remedy in this [Court], . . . litigants face a considerable burden to demonstrate that it applies." *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015). Its invocation "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

Even so, the Supreme Court "allow[s] equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period[.]" *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "In deeming equitable tolling to be appropriate in such circumstances," however, "the Supreme Court has reasoned that tolling is justified because the [non-movant] received timely notice of the [movant's] claims, there was no resulting prejudice, and the [movant] acted with diligence." *Aikens v. Ingram*, 524 Fed. Appx. 873,

880 (4th Cir. 2013).

Here, however, as the Court has already discussed above, Eden, the non-movant, did not receive timely notice of the movant's, Mundy's, dischargability claim. And, as the Court discusses below, there would be resulting prejudice if the Bankruptcy Court had allowed for equitable tolling of November 1, 2021, deadline.

To gain the benefit of equitable tolling is a high bar. And, Mundy has failed to show he is entitled to it.

Whether the Court reviews the Bankruptcy Court's decision not to toll the deadline for Mundy to object to the discharge of his claims for an abuse of discretion or de novo, the result is the same: there is no reversible error. Thus, the Court will affirm the Bankruptcy Court on this matter, as well.

### D. *Whether the Bankruptcy Court erred in finding Eden would be prejudiced by converting Mundy's motion to lift the stay to a complaint for discharge*

#### 1. *Standard of Review*

The Court "review[s] the factual findings of the bankruptcy court for clear error, [and] review[s] questions of law de novo." *In re Muhs*, 923 F.3d 377, 384 (4th Cir. 2019).

#### 2. *Discussion and Analysis*

Fifth and finally, Mundy argues the Bankruptcy Court erred in finding Eden would be prejudiced by converting Mundy's motion to lift the stay to a complaint for discharge. According to Mundy, "[i]n denying [his] Motion to Amend, the Bankruptcy Court gave undue consideration to what prejudice [Eden] may suffer from lingering doubts about the finality her discharge. . . . [Eden] suffered no prejudice because she was on notice of the nature of the Appellant's claims." Mundy's Brief at 12.

Although seemingly unrelated to Mundy's prejudice arguemt, he also states that he "only definitively learned that [his stay motion] was defective when the Bankruptcy Court denied his motion to amend and convert the Stay Motion after the filing deadline had expired." Mundy's Brief at 13.

Eden argus that the Bankruptcy Court "properly acknowledged that there is actual prejudice to a debtor in allowing a discharge challenge after the deadline has passed." Eden's Brief at 16.

Two things: first, the Court's affirmance of the Bankruptcy Court's decision not to allow equitable tolling was based both on the fact Eden did not receive timely notice of Mundy's dischargability claim and the resulting prejudice if the Bankruptcy Court had allowed for equitable tolling of November 1, 2021, deadline.

As the Eastern District of Texas Bankruptcy Court recognized, debtors such as Eden "should have a definite date for discharge. Creditors . . . have a designated time frame in which they may raise objections to discharge or issues concerning dischargeability." *In re Alhuneidi*, 632 B.R. 737, 743 (Bkrtcy. E.D.Tex. 2021) (footnoted omitted) (internal quotation marks omitted).

The Court determined above that the Bankruptcy Court correctly decided Mundy's stay motion failed to put Eden on notice of his dischargeability claim. And, if she was not on notice, then she would certainly be prejudiced if the Court allowed the stay motion to be construed as or converted into a complaint for discharge. As the Court has noted earlier, "equitable defenses . . . must be applied . . . to ensure that [Eden] receives a fresh start unobstructed by lingering doubts about the finality of the bankruptcy decree." *In re Kontrick*, 295 F.3d at 733. Such lingering doubts would undoubtedly be prejudicial to Eden.

Second, Mundy's statement that he did not realize his stay motion was defective until the Bankruptcy Court refused to construe it as a complaint for discharge strains the bounds of credulity. Of course he knew it was deficient before the Bankruptcy Court's order. That is why he moved the Bankruptcy Court to construe it as something that it clearly was not: a complaint for discharge.

Accordingly, the Bankruptcy Court's decision that Eden would be prejudiced by converting Mundy's motion to lift the stay to an adversary proceeding was not error. As such, the Court will also affirm the Bankruptcy Court on this issue.

* * * * *

Given that these holdings are dispositive of the issues on appeal, the Court need not address the parties' remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

### V.     CONCLUSION

Therefore, based on the foregoing discussion and analysis, it is the judgment of this Court the Bankruptcy Court is **AFFIRMED**; and all motions presently pending in this matter are **DEEMED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 28th day of February, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE